**1:18-CV-2350**

CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 21 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

William Steven Robinson  GDC# 1284406
(Enter above the full name and prisoner
identification number of the plaintiff, GDC
number if a state prisoner.)

-vs-

Frank Jones
Rafferty Fuqua
Veronica Mims   see Attached
(Enter above the full name of the defendant(s).)

**I. Previous Lawsuits**

A. Have you filed other lawsuits in federal court while incarcerated in any institution?

Yes ( )    No (✓)

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit:

   Plaintiff(s): N/A

   Defendant(s): _____

2. Court (name the district): _____

3. Docket Number: _____

Rev. 12/5/07

I. **Previous Lawsuits (Cont'd)**

   4. Name of judge to whom case was assigned: __N/A__

   5. Did the previous case involve the same facts?

      Yes ( )    No ( )

   6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?):
      _____

   7. Approximate date of filing lawsuit: _____

   8. Approximate date of disposition: _____

II. **Exhaustion of Administrative Remedies**
Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted. Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.

   A. Place of Present Confinement: __No longer incarcerated in Fulton Co.__

   B. Is there a prisoner grievance procedure in this institution?

      Yes ( )    No (✓)   *While in Fulton County Jail I was denied all access to the grievance proceedure.*

   C. Did you present the facts relating to your complaint under the institution's grievance procedure?

      Yes ( )    No ( )

   D. If your answer is YES:
      1. What steps did you take and what were the results?
         _____
         _____
         _____
         _____

      2. If your answer is NO, explain why not: _____
         _____

Rev. 12/5/07

### III. Parties

(In item A below, place your name in the first blank and place your present address in the second blank.)

A. Name of Plaintiff: William Steven Robinson

Address(es): Coffee Correctional Facility
GDC#: 1284406
1153 North Liberty Street
Nicholls, GA 31554

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B. Defendant(s): Frank Jones

Employed as Fulton County Correctional Officer

at Fulton Co. Detention Center 901 Rice Street
Atlanta GA 30311

### IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

First will be a statement of relevant facts and then multiple counts will be attached.

Defendant Mims was the Plaintiff's (Robinson) probation officer for misdemeanor assault (domestic). Mims and Robertson argued because Robinson objected to her constant interruption of his work. He demanded to be reprocated - she said "I've got something for you." Robinson returned as directed a couple days later to receive a court date and noticed a Deputy Sheriff outside Mims' office watching him. Later he learned this was Defendant Fuqua. Robinson appeared in court and was

Rev. 12/5/07

## IV. Statement of Claim (Cont'd)

sentenced to 15 days revocation.

He was transferred to Fulton County Detention Center (FCDC) and turned over to Defendant Deputy Doe who frisked him. During the pat down Doe struck Robinson in the shoulder separating it. There was no provocation for the attack. Robinson was put in a chair for booking and initially denied medical care. When he repeatedly complained about his shoulder he was finally taken to medical. While being escorted to medical three Correctional Officers grabbed Robinson threw him to the floor, cuffed and shackled him, and then tazed him in the back. The transporting officer left.

The three Officers were later identified as Defendants Jones, Saunders and Jackson. Jones was wearing Fugua's name plate and the other two had no name plates. They drug Robinson by the shackles to a couple different rooms while slapping, hitting and kicking him. They ultimately took him to a shower area where they repeatedly tazed him in the back, then tazed his genitals, and kicked him in the face. In total Robinson sustained a separated shoulder, three missing front teeth, multiple severe bruises, and burns to his back and genitals before the torture stopped.

Defendant Saunders unshackled Robinson and took him to dental to have the teeth put back in. Robinson was in the waiting room with several other inmates and noticed that two Blood gang members were standing by different inmates and looking to Saunders outside the window. An older inmate looked at Robinson and warned that there was about to be (see attached)

## V. Relief

State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.

Mims, Fugua, Jones, Saunders, Jackson, and Deputy Doe should be charged with felony Aggravated Assault, Aggravated Battery, and Torture. Charges of Perjury and Obstruction of Justice for Fugua, Jones, Sergeant Doe of DPS, and Dtc Doe of OPS.

Plaintiff seeks Compensatory & Punative Damages Jointly and Severally from all Defendants in the amount of Fifty Million Dollars ($50,000,000).

## V. Relief (Cont'd)

Any further relief deemed Just and Proper by this Court.

Signed this __15__ day of __May__, 20__18__

_____
Signature of Plaintiff

STATE OF __GEORGIA__
COUNTY (CITY) OF __Coffee County__

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON __15 May 2018__
              (Date)

_____
Signature of Plaintiff

Rev. 12/5/07

Robinson v Jones, et al 3/1/85

Part III  Additional Defendants: (con't)    1 of 2

2. Rafferty Fuqua
   Employed as: formerly Fulton County Corrections Officer
   Deputy Sheriff
   at Fulton County Detention Center 901 Rice Street Atlanta, Georgia 30311

3. Veronica Mims
   Employed as: Georgia Probation Officer
   at Probation Office Peachtree Street Atlanta, Georgia 30303

4. Robert Saunders
   Employed as: Fulton County Corrections Officer
   at Fulton County Detention Center 901 Rice Street Atlanta, Ga 30311

5. Markennis Jackson
   Employed as: Fulton County Corrections Officer
   at Fulton County Detention Center 901 Rice Street Atlanta, Ga 30311

6. John Doe,
   Employed as: Deputy Sheriff Fulton County
   at Fulton County Detention Center 901 Rice Street Atlanta, Georgia 30311

Part III | Additional Defendants: (cont)   2 of 20

7. John Doe
   Employed as: Sergeant Office of Proffessional Standards
                State of Georgia / Fulton County
   at 136 Pryor Street
      6th Floor
      Atlanta, GA 30303

8. John Doe
   Employed as: Officer Office of Professional Standards
   at 136 Pryor Street
      6th Floor
      Atlanta, GA 30303

9. Fulton County
   at 136 Pryor Street
      Atlanta GA 30303

10. State of Georgia
    Attorney General
    40 Capitol Sq SW
    Atlanta, GA 30334-1300

Statement of facts (continued)

a "Rice Street Hit." FCDC is popularly known as "Rice Street." Robinson watched the two gang members come up to him and look at Saunders who nodded. As they began to attack Robinson he fought back and overmasted them. Cert Team members separated them, again tazing Robinson. While attending to his broken nose one of the gang members said to Saunders - "I didn't get a chance - I tried."

Robinson had his teeth temporarily stitched in but had no other medical care. He was then moved to "the Muder Floor", 7th Floor where he was put in issolation to serve his 15 day revocation for simple assault. While there he was denied all access to grievances, medical requests, phones and mail. The nurse that came around two times a day to give him Tythenol but no other medical attention.

Upon release, after getting medical attention at Grady Hospital and gathering some information Robinson filed for a felony warrant against Officer "Fugua" because he was wearing a nameplate. Two weeks later Deputy Fugua appeared in Supperior Court at the warrant hearing and swore that Robinson's injuries occurred when he fought with the inmates. He offered a video as proof. The Judge took it all under advisement for two weeks.

(i)

Robinson v. Jones 1963
et al

Statement of facts (cont)

Several weeks later the Judge ruled that the fight on the video was so one-sided that there was no way Robinson's injuries were sustained in it. By this time the Office of Professional responsibility had found Jones, Saunders, and Jackson. They produced Jones and Jackson with a new video of Robinson being dragged to the shower with no beating evident. Upon seeing Jones, Robinson identified him as "Officer Fuqua" and the false nameplate ruse was uncovered. The Judge announced that he was going to issue a warrant when the names got straightened out and ordered the Office of Professional Responsibility (OPS) to turn over the relevant identifying information to Robinson.

Later, when Robinson presented the Order to Sergeant Doe at OPS he and Officer Doe both refused to comply with the Order. Robinson sought out the District Attorney and Justice Department. Sometime later the OPS issued a report sustaining the allegations. Fuqua and Jackson were fired and Jones was repremanded.

Around this time Robinson saw a woman riding a pink moped looking at his house. He later found that she was Fuqua's wife. That day Robinson's house was shotup by an unidentified man. Robinson reported the incident to the District Attorney who spoke with the witness.

(ii)

Robinson v Jones, et al §1983

## Cause of Action:

### Count One

Defendants Mims, Fuqua, Deputy Doe, Jones, Saunders, and Jackson did conspire together while acting under color of state law to violate Plaintiff's First, Eighth, and Fourteenth Amendment rights by committing aggravated assault and battery while torturing him, denying him proper medical attention, and interferring with his access to the courts and administrative grievance procedures via perjury, obstruction of Justice and unlawful isolation.

### Count Two

Defendants Mims, Fuqua, Deputy Doe, Jones, Saunders, and Jackson did conspire together while acting under color of state law to violate Plaintiff's First, Eighth and Fourteenth Amendment Rights by inciting other inmates to assault Plaintiff with the purpose of frustrating justice.

### Count Three

Defendants Mims, Fuqua, Deputy Doe, Jones, Saunders, Jackson, Sergent Doe, and Officer Doe conspired together to commit Racketeering Influenced and Corrupt Organization (RICO) violations pursuant to OCGA § 16-14-4 et seq and/or federal RICO provisions by conspiring to commit the predicate

(iii)

### Count Three (cont)

acts of aggravated assault and battery, perjury, felony Obstruction and other qualifying crimes to be discovered against the Plaintiff.

### Count Four

Defendant State of Georgia as respondeat superior to Defendant Mims, and with the leave of the State Tort Act for her actions in the conspiracy leading to physical pain, suffering, and injury from torture.

### Count Five

Defendant Fulton County as respondeat superior to Fugua, Jones, Saunders, Jackson, Deputy Doe, Sergeant Doe, Officer Doe and others yet to be named for the tortious actions of their employees leading to serious physical pain, suffering, and injury from torture.

### Notice

Plaintiff hereby serves notice to all defendants that the criminal investigation has yet to be concluded and more counts may be added as facts come to light.

(iv)