UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | 1:18-cv-2350-MHC-JSA |
| | ) | |
| FRANK JONES, et al., | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S OBJECTIONS TO FINAL REPORT AND RECOMMENDATION, DOC. 68

Defendants Saunders and Jones filed a motion to dismiss Plaintiff's complaint on the basis that Plaintiff's lawsuit was filed after the two-year anniversary of the incident giving rise to this lawsuit, arguing that Plaintiff's claims are barred by the statute of limitations. *See* Def. Mots. to Disms., Doc. 59, 65.

Plaintiff offered two arguments in response. First, that Plaintiff's claims did not accrue until January 26, 2016, which is the date that Plaintiff learned the identities of his assailants. Second, Plaintiff argued that the statute of limitations was tolled under O.C.G.A. § 9-3-99. *See* Pl. Resp. Br., Doc. 64, 67.

Neither Defendants filed a reply brief, and therefore did not address the

1

arguments Plaintiff raised in his response brief.[1] The R&R recommends this Court find that Plaintiff's claims are barred by the statute of limitations. *See* Doc. 68. For the reasons shown below, this Court should not adopt the R&R.

## I. Argument and Citation of Authority

There are two reasons why this Court should not adopt the report and recommendation. First, the R&R ignores Plaintiff's argument that the statute of limitations for his claim is tolled under O.C.G.A. § 9-3-99. Under that statute, the statute of limitations is tolled due to an ongoing criminal investigation by the Fulton County District Attorney against the guards who were involved in Plaintiff's assault. Second, the R&R improperly disregards binding Eleventh Circuit precedent showing that Plaintiff's claims did not accrue on the date of the incident, and that his claims are therefore timely.

### a. *At the time of the filing of Plaintiff's amended complaint, the statute of limitations was tolled under O.C.G.A. § 9-3-99 and therefore Plaintiff's claims are timely*

As stated, this argument was presented in Plaintiff's response briefs, but was not addressed in the R&R.

---

[1] Defendants' initial briefs focused on the issue of whether Plaintiff was entitled to equitable tolling, which was not a theory under which Plaintiff did not proceed. Defendants have never addressed the accrual and tolling arguments at issue here.

The amended complaint shows that that Plaintiff sought an arrest warrant against the one individual who he could identify by filing an arrest warrant application in the Fulton County Superior Court. Doc. 37, ¶¶ 25–42. During that time, the Sheriff began an internal investigation. *Id.* ¶ 34. In addition to the internal investigation, the amended complaint alleges that, as March 1, 2019, the Fulton County District Attorney's Office had an ongoing investigation regarding this case. *Id.* ¶ 43. Under Georgia law, a criminal prosecution tolls the statute of limitations for civil claims. O.C.G.A. § 9-3-99 states:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out[2] of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.[3]

The relevant issue here is whether the statute is tolled when there is an open *investigation* by a district attorney, as opposed to a formal prosecution. This

---

[2] "Arising out of" means "grew out of," or "flowed from." *Harrison v. McAfee*, 338 Ga. App. 393, 398 (2016). It does not mean proximate cause and "almost any causal connection or relationship will do." *Id.*
[3] O.C.G.A. § 9-3-33.1 governs claims arising from childhood sexual abuse and is not relevant here.

question has not been squarely answered by any appellate court in Georgia. When faced with a question of state law, a federal district court must apply state law as declared by the state's highest court. *State Farm Mut. Auto Ins. Co. v. Duckworth*, 648 F.3d 1216, 1224 (11th Cir. 2011). When no decision of the highest court is directly on point, the Court must consider decisions of state intermediate courts to determine how the highest court would decide the case. *Id.*

While there are no decisions directly on point from Georgia's appellate courts, one district court recently surveyed the law and held that an ongoing criminal investigation—without any pending prosecution—was sufficient to toll the statute of limitations. *See Benjamin v. Thomas*, No. 1:16-CV-1632-WSD, 2016 WL 5394118, at *6 (N.D. Ga. Sept. 27, 2016). In *Benjamin*, Judge Duffey first looked to the Georgia Court of Appeals' en banc decision in *Harrison v. McAfee*, 338 Ga. App. 393, 394, 788 S.E.2d 872, 874 (2016).

In *Harrison*, the plaintiff was shot in the arm while patronizing a bar. The plaintiff then filed a premises liability case against the owner of the bar. Although the lawsuit was filed more than two years after the incident, the plaintiff's assailant had yet to be arrested or prosecuted. *Id.* at 393. The owner of the bar then moved for summary judgment, arguing that the plaintiff's lawsuit was untimely and barred

by the two-year statute of limitations because O.C.G.A. § 9-3-99 only tolled the statute of limitations as to the person who committed the crime, i.e., the shooter, and not as to the owner of the bar. *Id.* The Georgia Court of Appeals disagreed, and overruled previous cases which held that O.C.G.A. § 9-3-99 only tolled the statute as to the specific individual who committed the underlying crime. Instead, the court held that the tolling statute applied "regardless of whether the defendant in the case has been accused of committing the crime from which the cause of action arises." *Id.* at 402. The import of the decision in *Harrison* on the issue here is that the parties and the court implicitly acknowledged that, although the person who committed the underlying crime had not yet been prosecuted, the tolling provisions of O.C.G.A. § 9-3-99 still applied.

Based upon this observation, in *Benjamin* the district court found that O.C.G.A. § 9-3-99 tolled the statute of limitations when there was an ongoing criminal investigation:

> Though the *Harrison* court did not squarely address this question, the *Harrison* decision and other provisions of Georgia law suggest the statute tolls a claim during the pendency of an investigation regardless of the investigation's outcome. The *Harrison* court found tolling applied despite that the shooter "ha[d] yet to be arrested or prosecuted." *Id.* at 873. The *Harrison* court also reasoned that "records related to a pending investigation or prosecution may be relevant to the victim's civil claim against someone other than the

> perpetrator of the crime. But those records may be unavailable to a crime victim until that investigation or prosecution is complete." *Id.* at 877 n.6 (citing O.C.G.A. § 50-18-72(a)(4) (excluding from Open Records Act disclosure requirements law enforcement records of pending investigations and prosecutions)). The same reasoning applies to the question before the Court. The victim of an alleged crime may be unable to obtain records relevant to a cause of action during the pendency of an investigation regardless whether the investigation leads to charges.

*Benjamin v. Thomas*, No. 1:16-CV-1632-WSD, 2016 WL 5394118, at *6 (N.D. Ga. Sept. 27, 2016). *See also Vallee v. Carolina Handling, LLC*, No. CV 110-167, 2011 WL 13217145, at *3 (S.D. Ga. July 13, 2011) (noting the absence of evidence that "any prosecutor is considering charging Defendants with a crime or even investigating any crime allegedly committed by Defendants" in determining whether O.C.G.A. § 9-3-99 applied). The reasoning of *Benjamin* applies with equal force here. As alleged in the amended complaint, the Fulton County District Attorney is still investigating this incident. Until that investigation is complete, there is no way to determine whether criminal charges could be brought against any of the defendants here. If the district attorney brings charges against one of the defendants, it would toll the statute of limitations as to all defendants. *See Harrison*, 338 Ga. App. at 393. Since a prosecution is still a possibility, then Plaintiff could be placed in a position where he loses the protection of O.C.G.A. §

9-3-99 in spite of the fact that Defendant(s) were actually prosecuted. In other words, simply due to the speed at which the district attorney's office moves, Plaintiff could be denied the benefit the legislature intended in enacting O.C.G.A. § 9-3-99. Thus, because there is an open investigation and no charging decision has been made, the prosecution is not "final or otherwise terminated" as required by the statute to end the tolling period.[4]

### b. *Plaintiff's claim did not accrue until he learned the identities of his assailants and his complaint was therefore timely filed*

The second reason Plaintiff's lawsuit is not barred by the statute of limitations is that his cause of action against Defendant Saunders did not accrue until January 26, 2017, when Plaintiff learned Saunders' identity in spite of exercising reasonable diligence in attempting to do so. Likewise, his claim against Defendant Jones did not accrue until December 2, 2017, when he learned Jones' identity.

"[W]hen a Section 1983 action accrues is a question of federal law."

---

[4] This interpretation is also supported by the fact that O.C.G.A. § 9-3-99 tolls the statute of limitation from the date of the commission of the offense, rather than the date of the lodging of formal criminal charges. If the General Assembly had intended to toll the statute only when formal criminal charges are pending, then it would not have begun the tolling period from the date of the commission of the offense (since formal charges for anything other than a traffic offense are rarely initiated on the date of an offense).

*Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980)). Under federal law, there are two requirements for a claim to accrue. First, the plaintiff knows or has reason to know of the injury which is the basis of the action. Second—and most important here—the plaintiff must be aware of *who* has inflicted the injury. *Id.* (citing *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)).

The facts of *Mullinax* demonstrate the application of the rule. In *Mullinax*, an attorney sued two defendants for an attempt to entrap her into aiding her client in escaping from jail. *Id.* at 716. Those defendants argued the attorney's claim was barred by the statute of limitations because their actions (placing a package in the attorney's post office box) occurred more than two years before the plaintiff filed her lawsuit. *Id.* The Eleventh Circuit held that the plaintiff's claim did not accrue on the date that the defendants placed the package in her post office box, and—at the earliest—accrued when the plaintiff learned of the package. *Id.* But the court did not stop there. It further noted that the plaintiff "did not become aware of [the defendants'] involvement . . . in placing the package in [her] post office box any sooner than . . . the day she was arrested." *Id.*[5] *See also Lavellee v. Listi*, 611 F.2d

---

[5] The court further held that the fact that the plaintiff "was unaware of [the defendant's] involvement prior to her arrest . . . obviates any need" to address an

1129, 1131 (5th Cir. 1980) ("[u]ntil the plaintiff is in possession of the critical facts that he has been hurt <u>and who has inflicted the injury</u>, the statute of limitations does not commence to run") (citations and quotations omitted, emphasis added).

Here, Plaintiff alleged that he was assaulted by numerous anonymous officers working in the Fulton County Jail. The amended complaint's allegations show that, after the incident, Plaintiff diligently attempted to learn the identities of the defendants, but was repeatedly stymied. Ultimately, Plaintiff did not learn Defendant Jones' full name until January 26, 2017, at which point Judge Schwall, ordered the Sheriff's office to provide information concerning the names of the other officers who were involved in the incident. Plaintiff first learned of Defendant Jones' identity on December 2, 2016. *See* Doc. 37, ¶ 32. Therefore, under the accrual rule applied in *Mullinax*, Plaintiff's claim did not accrue until that date, and his lawsuit filed in May 2018 is timely.

The R&R states that subsequent Supreme Court precedent has provided "judicial gloss" which effectively abrogates the rule announced in *Mullinax*. Specifically, the R&R cited *Wallace v. Kato*, 549 U.S. 384, 391 (2007), for the proposition that "[u]nder the traditional rule of accrual . . . the tort cause of action

---

    alternative argument that the defendants' actions constituted a "continuing tort." *Id.* at 717 n.4.

accrues . . . when the wrongful act or omission results in damages . . . even though the full extent of the injury is not then known or predicable. Doc. 68 at 4. The R&R concludes that, applied to this case, the rule is that Plaintiff's claims accrued on the day he was attacked by anonymous assailants, rather than on the day he finally learned who assaulted him. The R&R then cites *Wayne v. Jarvis*, 197 F.3d 1098 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003), as evidence that *Mullinax* had been eroded.

But according to this Circuit's rules, *Mullinax* is binding precedent. For a Supreme Court decision to overrule a published panel opinion, the Supreme Court decision must be "clearly on point." *See Florida League of Professional Lobbyists, Inc. v. Meggs*, 87 F.3d 457, 462 (11th Cir. 1996)("[W]e are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court."); *National Labor Relations Board v. Datapoint Corp.*, 642 F.2d 123, 129 (5th Cir. Unit A Apr.1981) ("Without a clearly contrary opinion of the Supreme Court or of this court sitting en banc, we cannot overrule a decision of a prior panel of this court . . . .").

*Wallace* is not on point. *Wallace* held that the statute of limitations for a § 1983 claim for a wrongful warrantless arrest runs from the time the arrestee

10

becomes detained pursuant to legal process. *See id.*, 549 U.S. at 384. The case had nothing to do with the identity of the tortfeasor, and did not consider accrual in the context presented here or in *Mullinax*.

The R&R also states that *Wayne v. Jarvis*, 197 F.3d 1098 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003), provides evidence that the Eleventh Circuit has abandoned the *Mullinax* rule. But like *Wallace*, *Wayne* is not on point: it did not cite *Mullinax* nor did it address the issue of accrual. Moreover, even if *Wayne* were on point, in absence of being overruled by the Supreme Court (which is not the case here), an Eleventh Circuit panel cannot overrule a previous panel decision. "[A] panel cannot overrule a prior one's holding even though convinced it is wrong." *United States v. Steele*, 147 F.3d 1316, 1317–18 (11th Cir. 1998) (citing *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997)). *See also United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court."). Since *Wayne* was not an en banc decision, *Mullinax* controls in the event there is a conflict between the two. Thus, *Mullinax* remains binding precedent.

Thus, the question is when Plaintiff's claim accrued under the rule stated *Mullinax*. Plaintiff's amended complaint shows that "at the time of the attack, Plaintiff did not know the identity of Defendants Jackson, Saunders, or Jones." Amend. Compl., Doc. 37, ¶ 42. And that the first time Plaintiff learned an individual named "Officer Jones" was involved in the attack was December 2, 2016. *Id.* ¶ 42. As shown in the Amended Complaint, Doc. 37, ¶¶ 25–44, Plaintiff exercised diligence in learning the identities of his assailants by seeking a criminal arrest warrant against them. Judge Schwall, sitting in the Fulton County Superior Court, took those allegations seriously and ordered the Sheriff to provide the identities of the guards involved to Plaintiff. Obtaining the information took several court appearances, as detailed in Plaintiff's complaint.

Given that Plaintiff was reasonably diligent in determining who committed the tort against him, his claim is timely under *Mullinax*.

## II. CONCLUSION

This Court should not adopt the magistrate judge's report and recommendation. The R&R improperly proposes disregarding the rule announced by the Eleventh Circuit in *Mullinax*, and ignores Plaintiff's tolling argument under O.C.G.A. § 9-3-99. Plaintiff should prevail under either argument, and therefore

Defendants' motions to dismiss should be denied.

Respectfully submitted this 23rd day of September, 2019.

| | |
|---|---|
| **Jeffrey R. Filipovits** | **Jennifer Hickey** |
| Georgia Bar No. 825553 | Georgia Bar No. 440019 |
| FILIPOVITS LAW, PC | LAW OFFICE OF JENNIFER HICKEY, LLC |
| 2900 Chamblee-Tucker Road Building 1 | 375 Rockbridge Rd NW Ste 172-338 |
| Atlanta, GA 30341 | Lilburn, GA 30047 |
| 678-237-9302 | 770-674-8252 |
| jeff@law.filipovits.com | jennifer@jenniferhickeylaw.com |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing Motion for Extension of Time to Serve with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record: Ashley Palmer.

This 23rd of September, 2019.

                                        **Jeffrey R. Filipovits**
                                        Georgia Bar No. 825553
                                        FILIPOVITS LAW, PC
                                        2900 Chamblee-Tucker Road
                                        Building 1
                                        Atlanta, GA 30341
                                        678-237-9302
                                        jeff@law.filipovits.com