IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>FRANK JONES, et al.,<br><br>Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br><br><br>CIVIL ACTION FILE<br>NO. 1:18-CV-2350-MHC |

**ORDER**

This prisoner civil rights action comes before this Court on the Final Report and Recommendation ("R&R") of Magistrate Judge Justin S. Anand [Doc. 68]. The Order for service of the R&R [Doc. 69] provided notice that, in accordance with 28 U.S.C. § 636(b)(l), the parties were authorized to file objections within fourteen (14) days of the receipt of that Order. In response to the R&R, Plaintiff has filed objections ("Pl.'s Objs.") [Doc. 70].

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections

need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). In accordance with 28 U.S.C. § 636(b)(l) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which the parties object and has reviewed the remainder of the R&R for plain error. See Slay, 714 F.2d at 1095.

Plaintiff, initially proceeding *pro se*, instituted this action suing several officials at the Fulton County Jail and raising a variety of claims. After a frivolity review, this Court permitted Plaintiff's claims for money damages for excessive force and conspiracy against Defendants Veronica Mims ("Mims"), Rafferty Fuqua ("Fuqua"), "FCCO Doe," Frank Jones ("Jones"), Robert Saunders ("Saunders"), and Markennis Jackson ("Jackson") to proceed. Aug. 10, 2018, Order [Doc. 7]. After service of the complaint, Fuqua filed a motion to dismiss [Doc. 31], and soon thereafter Plaintiff was able to secure legal counsel who filed

an amended, superseding complaint that named only Jones, Saunders, and Jackson as defendants. See Am. Compl. [Doc. 37]. This Court then dismissed Fuqua, Mims, and "FCCO Doe" without prejudice because they were not named in the Amended Complaint. Apr. 29, 2019, Order [Doc. 56].

Saunders and Jones have now filed motions to dismiss for failure to state a claim for relief. Def. Robert Saunders's Mot. To Dismiss [Doc. 59]; Def. Frank Jones III's Mot. To Dismiss [Doc. 65].[1] Judge Anand recommends that the motions be granted and, additionally, that Jackson be dismissed without prejudice because Plaintiff has failed to serve Jackson and the time for doing so has expired. See R&R.

At the time of the events alleged in the Amended Complaint, Saunders and Jones were guards at the Fulton County Jail. Plaintiff alleges that when he was being booked into the jail on either May 2 or May 3, 2016, Saunders, Jones, and Jackson threw Plaintiff to the ground, dragged him to another location at the jail, and assaulted him while he was handcuffed, knocking out two of his teeth. In their motions to dismiss, both Saunders and Jones contend that Plaintiff's complaint is time-barred under the applicable statute of limitations.

---

[1] The two motions are substantively identical.

3

Judge Anand pointed out that because § 1983 has no statute of limitations of its own, § 1983 claims are governed by the forum state's general personal injury statute of limitations. See Owens v. Okure, 488 U.S. 235, 236 (1989). Plaintiff alleges that his rights were violated in Georgia and he filed this case in Georgia, where the general personal injury statutory limitation period is two years. See O.C.G.A. § 9-3-33. Accordingly, in order for Plaintiff's claims to be timely, he would have had to have filed this case on or before May 3, 2018. Plaintiff, who was proceeding *pro se* as a prisoner at the time that he filed his original complaint, dated his complaint May 15, 2018, rendering it untimely. See Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (quotations and citations omitted) (discussing the prison mailbox rule and noting that, "a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing, . . . [and a]bsent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it"). Further, Judge Anand held that Plaintiff's contention that he did not learn the names of the Defendants until January 26, 2017, did not entitle him to equitable tolling.

In his objections, Plaintiff argues that Judge Anand erred in ruling that it was not apparent from the face of his complaint that his claims were time-barred. See generally Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir.

4

2005) (noting that dismissal pursuant to Rule 12(b)(6) on statute of limitations grounds is not appropriate unless it is "apparent from the face of the complaint" that the statute renders the claims raised time-barred). According to Plaintiff's Amended Complaint, after the guards assaulted him, he filed a criminal warrant against his assailants in the Superior Court of Fulton County. After the Sheriff's Department completed its internal review—sometime around January 26, 2017—the Fulton County District Attorney launched an investigation into Plaintiff's allegations. That investigation remains ongoing.[1]

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.[2]

O.C.G.A. § 9-3-99 (footnote added). Georgia courts construe § 9-3-99 broadly, Harrison v. McAfee, 338 Ga. App. 393 (2016), and in researching the issue, this

---

[1] It appears that Judge Anand did not consider the argument raised by Plaintiff as to the effect of O.C.G.A. § 9-3-99.

[2] O.C.G.A. § 9-3-33.1, relating to when minor victims of a sexual assault can bring their claims, is not applicable to this discussion.

5

Court located no case law that indicates that the statute would not apply in these circumstances.[3] Because the District Attorney is engaged in a criminal investigation into Plaintiff's allegations, this Court agrees with Plaintiff that the statute of limitations is tolled pursuant to § 9-3-99 and disagrees with Defendants that the Amended Complaint should be dismissed.

Accordingly, after consideration of Plaintiff's objections and a *de novo* review of the record, it is hereby **ORDERED** that the R&R [Doc. 68] is **ADOPTED IN PART** and Defendant Markennis Jackson is **DISMISSED** without prejudice because of Plaintiff's failure to timely serve him. Otherwise, the Court **DECLINES TO ADOPT IN PART** the R&R and Defendants' Motions to Dismiss [Docs. 59 & 65] are **DENIED**.

The Clerk is **DIRECTED** to resubmit this matter to Judge Anand for further proceedings.

---

[3] This Court notes that Defendants did not file a reply memorandum in support of their motions to dismiss, respond to Plaintiff's Objections, or otherwise challenge Plaintiff's contention that § 9-3-99 applies to toll the statute of limitations in these circumstances. Defendants' failure to respond to Plaintiff's argument indicates that Defendants do not oppose the application of § 9-3-99 to toll the statute of limitations in this case. See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (citation omitted) (holding that a party's failure to make arguments on the merits of an issue waives that issue).

**IT IS SO ORDERED** this 8th day of October, 2019.

_/s/ Mark H. Cohen_
MARK H. COHEN
United States District Judge