# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WILLIAM ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:18-cv-2350-MHC-JSA |
| ) | |
| FRANK JONES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS FRANK JONES' AND ROBERT SAUNDERS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Sgt. Frank Jones III and Deputy Robert Saunders ("Defendants"), by and through undersigned counsel, and file this Answer to Plaintiff's Amended Complaint.

## FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims are barred to the extent that Defendants are entitled to Eleventh Amendment Immunity.

1

**THIRD DEFENSE**

Plaintiff's claims are barred to the extent that Defendants are entitled to sovereign immunity.

**FOURTH DEFENSE**

Plaintiff's claims are barred to the extent that Defendants are entitled to official immunity.

**FIFTH DEFENSE**

Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

**SIXTH DEFENSE**

Defendants have not subjected Plaintiff to the deprivation of any rights, due process or otherwise, privileges or immunities secured by the Constitution or laws of the State of Georgia or the United States of America.

**SEVENTH DEFENSE**

Defendants have not committed any act or omission which would make them liable in any way to Plaintiff for any cause of action for damages.

**EIGHTH DEFENSE**

Defendants have not breached any official duty, any court duty, any court order compelling Defendants to act, or any duty created under the Constitution of

the United States compelling Defendants to act with regard to the event(s) allegedly giving rise to Plaintiff's claims.

### NINTH DEFENSE

Defendants did not breach any duty owed to Plaintiff with regard to the event(s) allegedly giving rise to Plaintiff's claims.

### TENTH DEFENSE

Defendants committed no acts or omissions which either proximately caused or contributed in any way to any injuries or damages alleged by Plaintiff.

### ELEVENTH DEFENSE

Defendants' alleged acts or omissions with respect to Plaintiff were carried out in good faith, without malice, spite, or conscious, reckless or negligent disregard of Plaintiff's rights, if any, and without improper or ill will of any kind.

### TWELTH DEFENSE

Plaintiff's claims against Defendants are barred by the doctrines of contributory and/or comparative negligence.

### THIRTEENTH DEFENSE

Defendants are not liable for punitive damages nor are any such damages warranted in this case.

## FOURTEENTH DEFENSE

To the extent as may be shown by the evidence, Defendants herein assert all defenses available under Fed. R. Civ. P. 12.

## FIFTEENTH DEFENSE

Defendants respond to the enumerated allegations of Plaintiff's Amended Complaint as follows:

## PARTIES

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1. To the extent further response is required, Paragraph 1 is denied.

2.

Defendants admit that Frank Jones was a detention officer employed by the Fulton County Sheriff at all times relevant to this action. However, whether Sgt. Jones "acted under the color of law" is a legal conclusion to which no response is required.

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3. To the extent further

response is required, Paragraph 3 is denied.

4.

Defendants admit that Robert Saunders was a deputy employed by the Fulton County Sheriff at all times relevant to this action. However, whether Deputy Saunders "acted under the color of law" is a legal conclusion to which no response is required.

**JURISDICTION AND VENUE**

5.

Paragraph 5 contains legal conclusions to which no response is required. Furthermore, 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) speak for themselves as to content and legal effect, and Defendants deny any allegations inconsistent therewith. To the extent further response is required, Paragraph 5 is denied.

6.

Paragraph 6 is a jurisdictional statement, and although it requires no admission or denial, Defendants deny same. Furthermore, Fed. R. Civ. P. 4(k)(1)(a) speaks for itself as to content and legal effect, and Defendants deny any allegations inconsistent therewith. To the extent the assertions contained therein may be deemed allegations of fact, they are denied.

7.

Defendants admit that they reside within the Northern District of Georgia. Defendants deny that any assault involving Plaintiff and Defendants took place within the boundaries of this district. Furthermore, 28 U.S.C. § 1391(b) speaks for itself as to content and legal effect, and Defendants deny any allegations inconsistent therewith. To the extent the assertions contained therein may be deemed allegations of fact, they are denied.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

8.

Admitted.

9.

Denied.

10.

Denied.

11.

Denied.

12.

Denied.

13.

Denied.

14.

Denied.

15.

Denied.

16.

Denied.

17.

Denied.

### *Denial of Access to the Jail's Grievance Procedure*

18.

Denied.

19.

Denied.

20.

Denied.

21.

Denied.

22.

Denied.

23.

Denied.

24.

Admitted.

*Facts Related to Equitable Tolling*

25.

Denied.

26.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26. To the extent further response is required, Paragraph 26 is denied.

27.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27. To the extent further response is required, Paragraph 27 is denied.

28.

Defendants are without knowledge or information sufficient to form a belief

8

as to the truth of the allegations set forth in Paragraph 28. To the extent further response is required, Paragraph 28 is denied.

29.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29. To the extent further response is required, Paragraph 29 is denied.

30.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30. To the extent further response is required, Paragraph 30 is denied.

31.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31. To the extent further response is required, Paragraph 31 is denied.

32.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32. To the extent further response is required, Paragraph 32 is denied.

33.

Defendants are without knowledge or information sufficient for form a belief as to the truth of the allegations set forth in Paragraph 33.  To the extent further response is required, Paragraph 33 is denied.

34.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34.  To the extent further response is required, Paragraph 34 is denied.

35.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35.  To the extent further response is required, Paragraph 35 is denied.

36.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36.  To the extent further response is required, Paragraph 36 is denied.

37.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37.  To the extent further

response is required, Paragraph 37 is denied.

38.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38. To the extent further response is required, Paragraph 38 is denied.

39.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39. To the extent further response is required, Paragraph 39 is denied.

40.

Defendants admit that Fulton County Superior Court Judge Craig Schwall issued a written order on February 3, 2017 directing the Fulton County Sheriff's Department to provide Plaintiff with the date of birth, height, weight and current mailing addresses for M. Jackson, Frank Jones and Claudette Saunders. The remaining allegation in Paragraph 40 is denied.

41.

Denied.

42.

Denied.

43.

Admitted.

44.

Denied.

## COUNT I
*Violation of 42 U.S.C. §1983 and the Eighth Amendment*

45.

Defendants incorporate all previous responses to the allegations contained in Paragraphs 1 – 44 of Plaintiff's Amended Complaint as if fully set forth herein.

46.

Denied.

47.

Denied.

48.

Denied.

49.

Denied.

50.

Denied.

## COUNT II
### *Violation of O.C.G.A. § 51-1-13 and 51-1-14*

51.

Defendants incorporate all previous responses to the allegations contained in Paragraphs 1 – 50 of Plaintiff's Amended Complaint as if fully set forth herein.

52.

Denied.

53.

Denied.

## GENERAL DENIAL

Defendants deny each and every allegation of Plaintiff's Amended Complaint not specifically admitted, denied, or otherwise contradicted herein.

WHEREFORE, Defendants pray that:

A. Plaintiff's Amended Complaint be dismissed in its entirety;

B. All costs of this litigation be paid by Plaintiff;

C. The Court impanel a jury of twelve should this case be tried; and

D. Any other relief that this court deems just and proper be granted.

Respectfully submitted, this 22nd day of October, 2019.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Patrise Perkins-Hooker
COUNTY ATTORNEY
Georgia Bar No. 572358

Kaye W. Burwell
Deputy County Attorney
Georgia Bar No. 775060

*/s/ Ashley J. Palmer*
Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514
ashley.palmer@fultoncountyga.gov

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:18-cv-2350-MHC-JSA |
| | ) | |
| FRANK JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

THIS CERTIFIES that on the 22nd day of October, 2019, I presented this document in Times New Roman, 14 point type, pursuant to L.R. 5.1C and electronically filed the foregoing **DEFENDANTS FRANK JONES' AND ROBERT SAUNDERS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will provide email notification to the following attorneys of record:

Jeffrey R. Filipovits
Filipovits Law, PC
2900 Chamblee-Tucker Road
Building 1
Atlanta, GA 30341
jrfilipovits@gmail.com

15

Jennifer Hickey  
Law Office of Jennifer Hickey, LLC  
1310 Rockbridge Rd SW  
Suite G2  
Stone Mountain, GA 30087  
jennifer@jenniferhickeylaw.com  

This 22nd day of October, 2019.

>*/s/ Ashley J. Palmer*
> Ashley J. Palmer
> Senior Assistant County Attorney
> Georgia Bar No. 603514
> ashley.palmer@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)