IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM ROBINSON,                )
                                 )
        Plaintiff,               )
                                 )          CIVIL ACTION NO.
v.                               )          1:18-cv-2350-MHC-JSA
                                 )
FRANK JONES, et al.,             )
                                 )
        Defendants.              )
_____)

## INITIAL DISCLOSURES OF DEFENDANTS SGT. FRANK JONES III and DEPUTY ROBERT SAUNDERS

**(1) If the Defendants are improperly identified, state Defendants' correct identification and state whether Defendants will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

 Response to No. 1: Both Defendants are properly identified.

**(2) Provide the names of any parties whom Defendants contend are necessary parties to this action, but who have not been named by Plaintiffs. If Defendants contend that there is a question of misjoinder of parties, provide the reasons for Defendants' contention.**

Response to No. 2: Rafferty Fuqua

1

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or cross-claims asserted by Defendants in the responsive pleading.**

Response to No. 3: Defendants deny the allegations contained in Plaintiff's Amended Complaint and are not liable for any of the claims that Plaintiff asserts. Defendants deny being responsible for any duties, ministerial or discretionary, owed to Plaintiff. Even if Defendants owed Plaintiff such a duty, their actions are protected by various immunities. Defendants deny that they engaged in any actions or inactions that resulted in any of Plaintiff's alleged injuries.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendants contend are applicable to this action.**

Response to No. 4: This list is not exhaustive.

**Relevant Federal Statutes:** 42 U.S.C. § 1983; 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367

**Relevant State Statutes**: Ga. Const. of 1983, Art. I, Sec. II, Para. IX(d) (amended 1991); O.C.G.A. § 51-1-1 et seq.

**Relevant case law:**

2

(1)    Eighth Amendment[1]:

Hudson v. McMillian, 503 U.S. 1 (1992); Campbell v. Sikes, 169 F.3d. 1353 (11th Cir. 1999); Johnson v. Moody, 206 F. App'x 880 (11th Cir. 2006); Fennell v. Gilstrap, 559 F.3d 1212 (11th Cir. 2009).

(2)    Qualified Immunity Under § 1983:

Mitchell v. Forsyth, 472 U.S. 511 (1985); Harlow v. Fitzgerald, 457 U.S. 800 (1982); Pearson v. Callahan, 555 U.S. 223 (2009); Saucier v. Katz, 533 U.S. 194 (2001); Vinyard v. Wilson, 311 F.3d 1340 (11th Cir. 2002); Siegert v. Gilley, 500 U.S. 226 (1991); Lee v. Ferraro, 284 F.3d 1188 (11th Cir. 2002); Purcell v. Toombs County, Ga., 400 F.3d 1313 (11th Cir. 2005); Oliver v. Fiorino, 586 F.3d 898 (11th Cir. 2009).

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the**

---

[1] Because Plaintiff was a pre-trial detainee at the time of this alleged incident, his claims are evaluated under the Due Process Clause of the Constitution rather than under the Eighth Amendment. "Nonetheless…no distinction is made in the [11th Circuit] between the legal standards to be applied to a pretrial detainee's Fourteenth Amendment claims and a convicted felon's Eighth Amendment claims." Henry v. Covington Co., No. Civ.A.2:05-CV-375TWO, 2005 WL 1268263, *1 n. 2 (M.D. Ala. May 27, 2005), citing Hale v. Tallapoosa County, 50 F.3d 1579, 1582 n.4 (11th Cir. 1995); Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994); and Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir. 1986).

information. (Attach witness list to Responses to Initial Disclosures as Attachment A.)

Response to No. 5: See Attachment A.

(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(A)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

Response to No. 6: Defendants have not yet retained any experts as of the making of these disclosures. They reserve the right to supplement this response at such time as any expert is retained.

(7) Provide a copy of or description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that are relevant to disputed facts alleged with particularity in the pleadings. (Attach document list and descriptions to Responses to Initial Disclosures as Attachment C.)

Response to No. 7: See Attachment C. Defendants have not identified a complete list of documents relevant to the facts as alleged in the pleadings and,

4

therefore, reserve the right to supplement this response by identifying and disclosing relevant documents at a later date.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Responses to Initial Disclosures as Attachment D.)**

Response to No. 8: None.

**(9) If Defendants contend that some other person or legal entity is, in whole or in part, liable to the Plaintiffs or Defendants in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Response to No. 9: Defendants deny liability, and if any person or legal entity is liable to Plaintiff, it is Rafferty Fuqua.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance**

**business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Responses to Initial Disclosures as Attachment E.)**

<u>Response to No. 10</u>:  None.

Respectfully submitted, this 12th day of August, 2020.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

PATRISE PERKINS-HOOKER
COUNTY ATTORNEY
Georgia Bar No. 572358

Kaye W. Burwell
Deputy County Attorney
Georgia Bar No. 775060

<u>***/s/ Ashley J. Palmer***</u>
Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514
ashley.palmer@fultoncountyga.gov

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

# ATTACHMENT A

1.   Theodore "Ted" Jackson
     Fulton County Sheriff's Office
     c/o Office of the Fulton County Attorney
     141 Pryor Street, S.W.
     Suite 4038
     Atlanta, Georgia 30303
     Can testify as to the policies and practices of the Fulton County Sheriff's
     Office and the operating procedures of the Fulton County Jail

2.   Chief Jailer Mark Adger
     Fulton County Sheriff's Office
     c/o Office of the Fulton County Attorney
     141 Pryor Street, S.W.
     Suite 4038
     Atlanta, Georgia 30303
     Can testify as to the operating procedures of the Fulton County Jail

3.   Sgt. Frank Jones III
     Fulton County Sheriff's Office
     c/o Office of the Fulton County Attorney
     141 Pryor Street, S.W.
     Suite 4038
     Atlanta, Georgia 30303
     Can provide testimony regarding the incident in question

4.   Deputy Robert Saunders
     Fulton County Sheriff's Office
     c/o Office of the Fulton County Attorney
     141 Pryor Street, S.W.
     Suite 4038
     Atlanta, Georgia 30303
     Can provide testimony regarding the incident in question

5.   Markennis Jackson
     Address Unknown
     Can provide testimony regarding the incident in question

6.    Rafferty Fuqua
      c/o Derrick H. Jones, Esq.
      The Jones Law Firm, LLP
      1269 Monroe Drive NE
      Atlanta, Georgia 30306
      Can provide testimony regarding the incident in question

7.    Sgt. Norman Gibson
      Fulton County Sheriff's Office
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can potentially provide testimony regarding the incident in question

8.    Deputy Vicky Brown-Godfrey
      Fulton County Sheriff's Office
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can potentially provide testimony regarding the incident in question

9.    Detention Officer Lashundra Childs
      Fulton County Sheriff's Office
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can potentially provide testimony regarding the incident in question

10.   Sgt. Nolan Ballard
      Fulton County Sheriff's Office
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can potentially provide testimony regarding the incident in question

11.   Ronald Sanders
      Licensed Practical Nurse
      c/o Corizon Health
      Address unknown
      Can potentially provide testimony regarding patient's medical evaluation
      following incident in question

12.   David Didier
      Physician's Assistant
      c/o Corizon Health
      Address Unknown
      Can potentially provide testimony regarding patient's medical care
      following altercation with former Fulton County inmate Emzell Woods

13.   Detention Officer Nasire Eltayeb
      Fulton County Sheriff's Office
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can potentially provide testimony regarding the altercation between Plaintiff
      and former Fulton County Jail inmate Emzell Woods

14.   Sgt. Philip Dunn
      Fulton County Sheriff's Office
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can potentially provide testimony regarding the altercation between Plaintiff
      and former Fulton County Jail inmate Emzell Woods

15.   Dr. Valerie Smith
      Dentist
      c/o Corizon Health
      Address Unknown
      Third party medical provider contractually responsible for medical care at
      Fulton County Jail during the relevant time period

16.   Dr. Joyce Cosby
      Dentist
      c/o Corizon Health
      Address Unknown
      Third party medical provider contractually responsible for medical care at
      Fulton County Jail during the relevant time period

17.   Emzell Woods
      Address currently unknown
      Can provide testimony regarding the altercation between him and the
      Plaintiff at the Fulton County Jail

18.   Any and all inmates who may have witnessed or heard the incident in
      question
      Names and addresses currently unknown
      Can potentially provide testimony regarding the incident in question

20.   Reserve Deputy Marcus Jones
      Fulton County Sheriff's Office
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can provide testimony regarding his examination of relevant TASER
      records

21.   Sgt. Kemdrick Jones
      Fulton County Sheriff's Office
      c/o Office of the Fulton County Attorney
      141 Pryor Street, S.W.
      Suite 4038
      Atlanta, Georgia 30303
      Can potentially provide testimony regarding his investigation of Plaintiff's
      complaint

25.   Any law enforcement professionals who investigated the incident in question
      Can potentially provide testimony regarding the incident in question

26.   Valerie Mims
      Probation Officer
      Address Unknown

## **ATTACHMENT B**

NONE AT PRESENT

## <u>ATTACHMENT C</u>

1.      Plaintiff's medical and mental health records

2.      Plaintiff's Fulton County Jail records

3.      All discovery received from Plaintiff

4.      Plaintiff's Judicial Correction Services Probation Records

5.      Any and all documents maintained by the Fulton County Sheriff's Office regarding the incident in question, including the Office of Professional Standards investigative file

6.      Any and all documents maintained by the Fulton County Sheriff's Office regarding this lawsuit

7.      Fulton County Personnel Policies and Procedures Manual

8.      Fulton County Sheriff's Office Standard Operating Procedures and Regulations

9.      Fulton County Sheriff's Office Jail Bureau Policies and Procedures

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIAM ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 1:18-cv-2350-MHC-JSA |
| | ) | |
| FRANK JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that the foregoing **INITIAL DISCLOSURES OF DEFENDANTS SGT. FRANK JONES III and DEPUTY ROBERT SAUNDERS** was electronically filed using Times New Roman 14 point type in accordance with Local Rule 5.1(C) with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

This 12th day of August, 2020.

*/s/ Ashley J. Palmer*
Ashley J. Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514
ashley.palmer@fultoncountyga.gov

14

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)