IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM STEVEN ROBINSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO.: 1:18-CV-2350-MHC |
| FRANK JONES and ) | |
| ROBERT SAUNDERS, ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ARGUMENT THAT DEPUTY SHERIFFS AND CORRECTION OFFICERS CONSPIRED TO CONTRIVE A POST HOC JUSTIFICATION FOR THE CONFRONTATION WITH PLAINTIFF**

COME NOW Defendants Frank Jones and Roberts Saunders, who move this Court for an Order precluding Plaintiff from arguing that Defendants and other Fulton County Sheriff's Office officers and command staff conspired to improperly contrive a post hoc justification for the physical confrontation with Plaintiff on May 3, 2016 before it could be independently investigated by the County or otherwise conspired to cover up evidence of the confrontation. Any such arguments or theories of the case were not disclosed in the pretrial order and would unfairly prejudice defendants and confuse the jury.

Plaintiff alleges that on May 3, 2016, Defendants physically assaulted him while Plaintiff was being booked into the Fulton County Jail. Plaintiff alleges that

1

Defendants, along with others assaulted him.  Plaintiff implies that when attempting to identify his attackers, Plaintiff was misled and was not able to properly identify his attackers.  Plaintiff's Complaint infers that the officers intentionally planned to coordinate their stories in order to avoid Plaintiff's allegations.

The Court should enter an order precluding any such argument because this factual theory of the case was not presented in the pretrial order, it is not supported by any facts on the record, and the mere suggestion of such collusion could unfairly inflame the passions of the jury and prejudice the jury against defendant Hyatt.

"Rule 16(e) of the Federal Rules of Civil Procedure provides that a pretrial order controls the subsequent action of the litigation. The parties are bound by theiragreement to so limit issues and may not introduce at trial issues excluded in the pretrial order. Randolph Cty. v. Alabama Power Co., 784 F.2d 1067, 1072 (11th Cir.), opinion modified on denial of reh'g, 798 F.2d 425 (11th Cir. 1986). "It is within the judge's discretion to exclude those matters not set forth" in the pretrialorder and doing so is not an abuse of discretion. Id. For example, in Walker v. Anderson Elec. Connectors, the plaintiff in an employment action did not include a request for declaratory and injunctive relief in a pre-trial order, and the trial court denied the plaintiff's post-judgment motion for such relief on this basis. 944 F.2d 841, 843 (11th Cir. 1991). The trial court noted that the plaintiff

"chose herstrategy, forcing [the defendant] to choose its strategy. It would be disingenuous ofany court to find at this late date that this pre-trial order can be modified post-trial in order to 'prevent manifest injustice.'" Id. at 844. The Eleventh Circuit agreed, finding "that the district court did not abuse its discretion in following the pre-trial order. . . . It would be unfair to [the defendant] to give [the plaintiff] relief she did not request; relief for which [the defendant] was never permitted to establish a defense." Id.

Likewise, Defendants anticipate that Plaintiff may argue to the jury that Fulton Sheriff command staff rushed to speak with Defendants about the confrontation, knowing that Plaintiff would soon accuse the Defendants and others of assaulting him, in order to insinuate that the officers colluded to "get their stories straight" before an independent investigation. However, Plaintiffs has never before articulated this theory in the long history of this case, and it does not appear in Plaintiff's Outline of the Case in the pretrial order. (See Doc. 138, Attachment "C"). Like the plaintiff in Walker, plaintiff has "chosen their [his] strategy". Accordingly, Defendants request that the Courtexclude from trial any argument or suggestion that the Fulton County Office and Defendants concocted a post hoc narrative to justify their actions before they could be independently investigated or otherwise covered up evidence.

Defendants emphasize that they are not asking the Court to preclude

3

*evidence* properly disclosed in the pre-trial order—including the testimony of previously- disclosed witnesses and evidence contained in exhibits listed in the pretrial order. Rather, Defendants merely move the Court to exclude *argument* based on a theory of the case that was not previously disclosed and would unduly prejudice  orconfuse the jury.

## CONCLUSION

Defendants show that they were was not on notice of Plaintiff's theory that they colluded with other officers and command staff to contrive a post-hoc justification for their use of force or to cover up evidence of the incident. Accordingly, Defendants request that the Court preclude Plaintiff from arguing orsuggesting to the jury the possibility of such collusion.

This 18th day of August, 2023.

Respectfully submitted,

*/s/ James E. Dearing, Jr.*
James E. Dearing, Jr.
GA Bar No.:  215090
James E. Dearing, Jr., PC
1596 W. Cleveland Ave., Suite 102
East Point, GA 30344
jdearing@jed-law.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM STEVEN ROBINSON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO.: 1:18-CV-2350-MHC |
| FRANK JONES and ) | |
| ROBERT SAUNDERS, ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE ARGUMENT THAT DEPUTY SHERIFFS AND CORRECTION OFFICERS CONSPIRED TO CONTRIVE A POST HOC JUSTIFICATION FOR THE CONFRONTATION WITH PLAINTIFF** with the Clerk of the Court and upon the parties via Statutory Electronic Service, properly addressed as follows:

Jeffrey Filipovits
Spears & Filipovits, LLC
315 W. Ponce de Leon Ave., Suite 865
Decatur, GA 30030
jeff@civil-rights.law

This 18th day of August, 2023.

|  |  |
|---|---|
|  | Respectfully submitted, |
| James E. Dearing, Jr., P.C.<br>1596 W. Cleveland Avenue<br>Suite 102<br>East Point, Georgia 30344<br>404.8770.0010 / tele<br>jdearing@jed-law.com | */s/ **James E. Dearing, Jr.***<br>James E. Dearing, Jr.<br>Georgia Bar. No.:  215090<br>*Attorney for Defendants* |