UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File No. |
| v. | ) |
| | ) 1:18-cv-2350-MHC-JSA |
| FRANK JONES, et al., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff brings the following motions in limine.

**a. Exclude any evidence of Plaintiff's arrests, misdemeanor convictions, or the reason for Plaintiff's incarceration at the time of the incident**

Plaintiff moves to exclude any reference to any arrest which occurred before or after the date of this incident as irrelevant under Rule 401. Plaintiff's claims for damages are for emotional distress and physical pain and suffering arising from the use of force against him. Conduct which occurred in the years following Plaintiff's arrest does not implicate these damages and is irrelevant under Rule 401. Further, in the event Defendants make any argument as to relevance, it is likely that any

1

probative value would be vastly outweighed by the potential for undue prejudice, making the evidence inadmissible under Rule 403.

> b. **Exclude any argument concerning Plaintiff's failure to call any witness**

Under Georgia law and under federal law, where a witness is equally available to each party, meaning capable of being subpoenaed, it is inappropriate to comment on that witness' absence because no valid inference can be derived therefrom. *See Pippin v. Burnum*, 172 Ga. App. 553, 555 (1984) (quoting pattern instructions); *United States v. Busic*, 587 F.2d 577, 587 (3d Cir. 1978), *rev'd on other grounds*, 446 U.S. 398 (1980).

Defendants should be prohibited from making argument or reference to Plaintiff's decision not to call any witness who is equally available to both sides.

> c. **Prevent Defendants from stating to the jury that they are sued in their "individual capacity," "sued as an individual," or otherwise implying that Defendants will be personally liable for any judgment**

In Plaintiff's counsel's experience, defense have sometimes used the tactic of repeatedly hinting that a defendant will be personally shouldered with the judgment because he is sued "individually," or "as an individual," and that the lawsuit is "not against [the governmental entity]." There is no other purpose to

these statements other than to hope that the jury infers that Defendant will be personally liable for any judgment.

Just as Plaintiff cannot introduce evidence of Fulton County's indemnification practices at trial, Plaintiff requests that Defendants be ordered not to engage this type of argument. If Defendants open the door, to allow the admission of evidence of who will pay a judgment. *See, e.g.*, *Bernier v. Bd. of Cty. Rd. Comm'rs for Ionia Cty.*, 581 F. Supp. 71, 78 (W.D. Mich. 1983) (reserving ruling on the issue and stating that evidence of insurance coverage would be admissible as rebuttal evidence "[s]hould the nature of defendant's proofs be such that the jury might infer defendant's inability to pay a judgment," in spite of the prohibition under Fed. R. Evid. 411).

### d.   Exclude any argument concerning the effect of a monetary judgment

Defendants and defense counsel should be instructed to refrain from making any reference or suggestion as to what Plaintiff will or might do with any award of damages he might receive and/or that money will not undo the damage Plaintiff has sustained. Any such suggestion is an improper appeal for jury sympathy toward the Defendant and invites the jury to disregard its duty to apply the legal measure of damages. Plaintiff also requests that this Court bar testimony and argument

about any negative effects a Plaintiff's verdict would have on the budget of the City of Atlanta or the Atlanta Police Department. Fed. R. Evid. 402; *Gusky v. Candler General Hospital*, 192 Ga. App. 521 (1989); *Gielow v. Strickland*, 185 Ga. App. 85, 86 (1987) (jury cannot be urged to use some other measure of damages than that prescribed by law); *Central of Georgia Railway v. Swindle*, 260 Ga. 685, 687 (1990) (trial should not be invaded by improper considerations); *Adams v. Camp Harmony*, 190 Ga. App. 506, 508 (1989) (effect of verdict an improper consideration).

Plaintiff requests an order that there shall be no reference or suggestion to the effect that "money won't undo the injury and damage the plaintiffs may have sustained," because such a suggestion is an improper appeal for jury sympathy toward the Defendant and invites jurors to disregard their duty to apply the legal measure of damages which the evidence shows have been caused by the Defendant's acts and instead to base a verdict on improper considerations. *See Gielow v. Strickland*, 185 Ga. App. 85, 86 (1987) (jury cannot be urged to use some other measure of damages than that prescribed by law); *Central of Georgia Railway v. Swindle*, 260 Ga. 685, 687 (1990) (trial should not be invaded by

improper considerations); *Adams v. Camp Harmony Association*, 190 Ga. App. 506, 508 (1989) (effect of verdict an improper consideration).

### e. **Exclude any argument for public policy contrary to existing law**

Plaintiff moves to exclude in limine any and all references or inferences by Defendant suggesting any public policy arguments contrary to existing law. The Court should bar any comment, implication or innuendo regarding political or public policy arguments against existing law, any suggestion that the jury should not follow the law as given by the court in charge, or the availability of monetary damages for pain and suffering, and any suggestion that there is any "litigation explosion," "litigious society," "liability crisis," "insurance crisis," "litigation machine," an alleged "tort tax," or other references to an alleged economic impact of compensating victims of injury affecting the economy, productivity or international competitiveness of the United States, so as to suggest, however indirectly, that inadequate damages should be awarded to this Plaintiff in this case.

Similarly, any commentary or argument or testimony on the claimed adverse effects of litigation on the ability of police departments to recruit and retain officers, of officers to fully and fairly perform their duties, or on the taxes citizens might have to pay should be forbidden.

Public policy arguments that the law should be changed address themselves to the political process, but not to a jury's consideration of a case under existing law. Warshawsky, Opposing Jury Nullification: Law, Policy, and Prosecutorial Strategy, 85 Georgetown. L.J. 191 (1996).

Any reference or suggestion or the introduction of any evidence by defense counsel directly or indirectly attacking the American court system, plaintiff's attorneys, or discussing tort or police reform campaigns should be excluded.

### f. Prohibit any reference to Plaintiff's attorneys' fees

The Court should also enter an order excluding any reference to Plaintiff's entitlement to an award of attorneys' fees. Plaintiff's potential entitlement to an award of attorneys' fees under 42 U.S.C.§ 1988(b), and Defendant's potential liability for Section 1988 fees, are irrelevant to the issue of Section 1983 liability. Evidence or argument pertaining to fee liability or taxpayer burden from that liability should not be admitted at trial or referred to by counsel in their questioning, remarks, or summations.

In *Brooks v. Cook*, 938 F.2d 1048 (9th Cir. 1991), the Court ruled that because the question of a plaintiff's eligibility for an award of attorneys' fees under 42 U.S.C. § 1988(b) is irrelevant in determining Section 1983 liability or damages,

it was error for defense counsel to argue in summary and for the trial judge to instruct that the plaintiff would be eligible for attorneys' fees if he recovered even nominal damages. *Id.* at 1050-52; *see also Fisher v. City of Memphis*, 234 F.3d 312, 319 (6th Cir. 2000) (holding it would be "clearly prejudicial" to permit the jury to learn about the possibility of recovery of fees "when it is deciding the merits of the underlying § 1983 action"); *HBE Leasing Corp. v. Frank*, 22 F.3d 41 (2d Cir. 1994) (improper for jury to be informed about availability of treble damages and attorney's fees in RICO actions).

Separately, Plaintiff has employed his counsel on a contingent fee basis. Evidence or argument of how Plaintiff's counsel would be compensated on a contingent fee basis should be excluded. In *Stoner, et. al. v. Eden*, 199 Ga. App. 135 (1991), the defense attorney, in closing arguments, stated that the higher the verdict goes, the higher the fee for the plaintiff's attorney goes. The defense attorney also argued that the plaintiff's attorney will get a "piece of the pie" and commented that the plaintiff's attorney got a "contingent interest in the case." The Court of Appeals ruled that, "Defense counsel's remarks were totally improper and such remarks had no relevance to any issue of liability or damages in the case."

How an attorney gets paid in the event of a verdict is not relevant to the issues of damages.

     **g.    Prohibit any reference to qualified immunity or the justifications for its existence**

Qualified immunity is an issue for the Court, not for the jury. *See Avery v. David*, 700 F. App'x 949, 953 n.5 (11th Cir. 2017) (collecting cases). Defendants should, therefore, not be allowed to argue that in favor or qualified immunity, nor should they be allowed to argue that the policy considerations governing its creation by the Supreme Court, such as the difficulty, stress, or necessity of their employment, means that police officer deserve greater deference from the jury when assessing liability and damages.

Submitted this 18th day of August, 2023.

<u>**Jeff Filipovits**</u>
Jeff Filipovits
Georgia Bar No. 825553

Spears & Filipovits, LLC
1126 Ponce de Leon Ave.
Atlanta, GA 30306
404.905.2225
jeff@civil-rights.law

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in Times New Roman 14-point typeface.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record: Staci Miller and Brenda Raspberry.

This 18th day of August, 2023.

**Jeff Filipovits**
Jeff Filipovits
Ga. Bar No. 825553

Spears & Filipovits, LLC
1126 Ponce de Leon Ave.
Atlanta, GA 30306
404.905.2225
jeff@civil-rights.law